IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| C4 RANCH, LLC, an Idaho limited liability company, and JAMES ZUBILLAGA, and individual,<br><br>        Plaintiffs,<br><br>v.<br><br>ARNZEN BUILDING CONST., INC., and Idaho Corporation,<br><br>        Defendant. | CASE NOS. CV-09-387-C-BLW<br>                  CV-09-481-C-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Defendant's Motion to Dismiss or Stay (Docket No. 14 in Case No. 09-387) and Defendant's Motion to Remand (Docket No. 22 in Case No. 09-387 and Docket No. 10 in Case No. 09-481). The Court has determined that the decisional process on these motions would not be significantly aided by oral argument. Therefore, the Court will address the motions without a hearing.

## BACKGROUND

C4 Ranch, LLC ("C4") and James Zubillaga filed a Complaint against Arnzen Building Const., Inc. ("Arnzen") in this Court on August 13, 2009. C4 and

**Memorandum Decision and Order – 1**

Zubillaga then removed a case filed against them by Arnzen from Idaho state court on September 24, 2009. Arnzen filed a motion to dismiss or stay C4's and Zubillaga's Complaint, then filed a motion to remand the removed case back to state court. This Court consolidated the cases. Accordingly, the Court will address all pending motions in both cases.

## ANALYSIS

### I.   Motion to Remand

Arnzen filed a motion to remand this matter back to Idaho state court. Arnzen's motion asserts lack of complete diversity among the parties and exclusive jurisdiction by the Idaho state courts.

#### A.   Complete Diversity Exists

"Removal jurisdiction is statutory and strictly construed." *Gould v. Mutual Life Ins. Co. Of New York*, 790 F.2d 769, 773 (9th Cir. 1986). Complete diversity must exist at removal when an action is removed based on diversity. *Id*. The diversity jurisdiction statute, 28 U.S.C. § 1332, considers citizenship, not residency in determining whether complete diversity exists. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

With respect to a natural person, citizenship first requires United States citizenship. *Id*. "The natural person's state citizenship is then determined by her

**Memorandum Decision and Order – 2**

state of domicile, not her state of residence." *Id*. Domicile is the permanent home where the person "resides with the intention to remain or to which she intends to return." *Id*.

Where litigants are entities, diversity jurisdiction depends on the form of the entity. "[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); 28 U.S.C. § 1332(c)(1). An LLC is a citizen of every state of which its owners/members are citizens. *Id*.

Here, Arnzen is a corporation. Thus, its citizenship is based on its principal place of business and the state in which it is incorporated. *Id.* There is no dispute that Arnzen is an Idaho corporation with its principal place of business in Idaho. Arnzen is therefore an Idaho citizen.

Based on the record before the Court, James Zubillaga is an individual who has lived in California his entire life. (Zubillaga Aff., ¶¶ 1,2). Mr. Zubillaga resides in California, votes in California, works in California, maintains a California driver's license, and intends to remain in California. (Zubillaga Aff., ¶¶ 3-8). Mr. Zubillaga is therefore domiciled in California. Accordingly, he is a California citizen for purposes of diversity jurisdiction.

**Memorandum Decision and Order – 3**

C4 is an LLC. Mr. Zubillaga is the sole member of C4. Because Mr. Zubillaga is a California citizen, C4 is also a California citizen for purposes of diversity jurisdiction. Accordingly, because Arnzen is an Idaho citizen, and C4 and Mr. Zubillaga are California citizens, complete diversity exists.

### B. *In Rem* Jurisdiction

Arnzen contends that the case should nevertheless be remanded to state court because Idaho has exclusive *in rem* jurisdiction in this matter. Case law addressing removal of *in rem* actions is scant. Notably, the Court was unable to find any case suggesting that *in rem* actions are not removable.

However, Defendants cite to a recent case where a federal district court rejected such an argument. In *Carstarphen v. Deutsche Bank Nat. Trust Co.*, 2009 WL 1035490 (S.D.Ala. 2009) (subsequently remanded on other grounds related to amount in controversy), the court noted that the party seeking remand cited no authority for *in rem* actions being non-removable. *Id*. at *5. The court then explained that nothing in the text of the removal statues supports such a contention. *Id*. "To the contrary," the court noted, "applicable law provides that a defendant may remove 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction,' 28 U.S.C. § 1441(a), without distinguishing among *in personam*, *in rem*, or *quasi in rem* proceedings." *Id*.

**Memorandum Decision and Order – 4**

This Court agrees with that analysis.  Moreover, this Court is not persuaded by Arnzen's reliance on *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976) and other cases dealing with the abstention doctrine. None of those cases dealt with removal statutes, and none are applicable to this case.  Accordingly, the Court will deny Arnzen's motion to remand.

## II.    Motion to Dismiss or Stay

Arnzen seeks a dismissal or stay of the Complaint filed by C4 and Zubillaga in this Court.  Arnzen's motion to dismiss or stay is based on the abstention doctrine found in *Colorado River*.  Arnzen asserts that this Court should dismiss or stay the Complaint until the parallel state matter is resolved.  Fatal to Arnzen's motion is its reliance on the assumption that this Court will remand the parallel matter back to Idaho state court.  As explained in detail above, this Court will not remand that case back to state court; rather this Court will retain jurisdiction in the matter.  Therefore, because there is no parallel state matter, there is no basis for this Court to abstain. *See Kirkbride v. Continental Cas. Co.*, 933 F.2d 729, 734 (9th Cir. 1991) (finding *Colorado River* abstention inapplicable where state court action is removed to federal court because there are no concurrent or pending state court proceedings).  Accordingly, the Court will deny the motion to dismiss or stay.

**Memorandum Decision and Order – 5**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Docket No. 14 in Case No. 09-387) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Remand (Docket No. 22 in Case No. 09-387 and Docket No. 10 in Case No. 09-481) shall be, and the same is hereby, DENIED.



DATED: **January 5, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge